Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Rosa E. Heredia

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa E. Heredia<br><br>Plaintiff,<br>v.<br><br>Cavalry Portfolio Services, LLC.,<br><br>Defendant. | Case No: '16CV2995 DMS AGS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors give debtors certain information. *15 U.S.C §§1692d, 1692e, 1692f, and 1692g*.

4. Rosa E. Heredia ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Cavalry Portfolio Services, LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, this conduct having caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

9. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

13. Defendant regularly operates within the county of San Diego and files hundreds of lawsuits, including one against Plaintiff in the San Diego Superior Court. The associated collection actions are the actions that give rise to Plaintiff's claim.

14. Because Defendant does business and have the capacity to sue within the State of California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

15. A substantial part of the events or omissions giving rise to the claim occurred in San Diego, California against Plaintiff who resides in San Diego, California, and therefore venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

16. At all times relevant, Defendant conducted business within the County of San Diego, the State of California.

## PARTIES

17. Plaintiff is a natural person who resides in the City of San Diego, State of California.
18. Defendant is located in the City of Phoenix, in the State of Arizona.
19. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
20. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).
21. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).
22. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).
23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### PRIVACY PROTECTIONS IN THE FDCPA AND THE ROSENTHAL ACT

24. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual allegedly owes a debt. "[T]he

FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties …" *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.*

25. 15 U.S.C. § 1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> (b) Communication with third parties
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Section 1692b, which discusses the restrictions on the acquisition of location information on a consumer, is not applicable here.

26. 15 U.S.C. § 1692d(3) and (4) define as "harassment" and a violation of the FDCPA **"[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title" and the "advertisement for sale of any debt to coerce payment of the debt."** Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports. The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts … a debt collector may not distribute a list of alleged debtors to its

creditor subscribers." *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.*

27. The relevant portions of 15 U.S.C. § l692e provide that:

> **§ 1692e. False or misleading representations [FDCPA § 807]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> [...]
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> [...]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## FACTUAL ALLEGATIONS

28. Sometime before March 11, 2016, Plaintiff is alleged to have incurred certain financial obligations.

29. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

30. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

31. Sometime thereafter, but before March 11, 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

32. Subsequently, but before March 11, 2016, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

33. On or about March 11, 2016, Defendant sent a dunning letter to Plaintiff by mail.  A few days later, Plaintiff received that letter.  True and correct copies of the front and back of this letter are attached to this Complaints as Exhibits A and B, respectively.

34. In this March 11, 2016, letter to Plaintiff, Defendant included a section labelled "Privacy Notice" on the back side of the letter.  A true and correct copy of this Privacy Notice is included in Exhibit B, which is attached to this Complaint.

35. Exhibits A and B are hereinafter jointly referred to in this Complaint as the "March 11, 2016 mailing."

36. This March 11, 2016 mailing sought to collect debts allegedly incurred for personal, family or household purposes.

37. This March 11, 2016 mailing mailing sought to collect money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person.

38. This March 11, 2016 mailing mailing to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

39. This March 11, 2016 mailing was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

40. The Privacy Notice included in this March 11, 2016 mailing, and referred to above, states as follows:

**Privacy Notice**

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:
- Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- Information about your transactions with us or others, such as your account balance and payment history.
- Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

41. All of the information in the March 11, 2016 mailing is integral to the debt collection process.

42. The Privacy Notice included in this March 11, 2016 mailing, and referred to above, also states as follows:

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:
- Credit Bureaus
- The original creditor and entities that have had an ownership interest in your account
- Entities that provide mailing services on our behalf
- Entities that provide collection-related services on our behalf
- Others, such as third parties, when you direct us to share information about you
- Affiliated and non-affiliated parties if not prohibited by the Fair Debt Collection Practices Act or by other applicable Laws.

43. Many of the uses listed in this Privacy Notice are prohibited by the FDCPA and the Rosenthal Act, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. § 1692c, as well as Cal. Civ. Code § 1788.17, and the statement that Defendant would make such disclosures, or has the right to do so, violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(5), as well as Cal. Civ. Code § 1788.17.

44. In addition, several of the listed uses in this Privacy Notice amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. § l692d, as well as Cal. Civ. Code § 1788.17, and the statement that Defendant will do so or has the right to do so violates 15 U.S.C. § 1692e, as well as Cal. Civ. Code § 1788.17.

45. For example, debt collectors have been known to sell lists of persons who have not paid their debts to issuers of subprime credit cards, who offer to issue a credit card if the consumer will put some or all of the unpaid debt on the credit card. Prospective lenders are not among the parties to whom a debt may be disclosed under 15 U.S.C. § 1692c.

46. The Privacy Notice included in this March 11, 2016 mailing, and referred to above then proceeds to state the following:

> MAINTENANCE OF ACCURATE INFORMATION
> We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

47. This is a misstatement of the consumer's rights under 15 U.S.C. § 1692c, as well as Cal. Civ. Code § 1788.17, which requires that the consumer provide prior consent given directly to the debt collector or, in the alternative, that a court of competent jurisdiction grant express permission to the debt collector, before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

48. The Privacy Notice included in this July 4, 2012 mailing, and referred to above further states:

    > PROTECTION OF INFORMATION
    > We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standard to guard your Private Information.

49. This paragraph regarding protection of information contradicts the proceeding paragraphs in which the Defendant explains in broad terms that information about the Plaintiff will be shared with third parties, not restricted to ONLY Defendant's employees who NEED the information.

50. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

51. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

52. Finally, the inclusion of erroneous statements in the March 11, 2016 mailing claiming that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid, all in violation of the FDCPA and the Rosenthal Act.

53. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5), and Cal. Civ. Code § 1788.17

## CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

56. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

57. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

58. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

59. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 6, 2016        By: /s/Jessica R. K. Dorman
                                                 Jessica R. K. Dorman
                                                 Attorneys for Plaintiff

# EXHIBIT A



PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995 • FAX: (914) 747-3673
www.cavps.com

March 11, 2016

RE: **Original Institution:** Citibank, N.A.
**Original Account No.:** 5424180776915826
**Cavalry Account No.:** 19782367
**Outstanding Balance:** $2837.82

Rosa E Heredia
3160 Martin Ave
San Diego, CA  92113-2520

Dear Rosa E Heredia:

Cavalry SPV I, LLC purchased the Citibank, N.A. account listed above and is now the creditor for the account. Cavalry SPV I, LLC has referred the account to Cavalry Portfolio Services, LLC ("Cavalry") for servicing.

Cavalry is committed to providing you with excellent customer service, which includes treating you in a fair and respectful manner. If at any time you feel that you have not been provided with excellent customer service, please call us at (866) 434-2995.

We understand that all of the account balance may not be repaid at this time. If some of the bill can be repaid, even if it is through a monthly payment plan, we would like to hear from you. We work with our customers to find affordable repayment arrangements. Please call us at (866) 434-2995 to discuss your repayment options.

Unless you notify Cavalry within thirty days after receiving this letter that you dispute the validity of this debt or any portion thereof, Cavalry will assume this debt is valid. If you notify Cavalry in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, Cavalry will obtain verification of the debt or a copy of a judgment, if applicable, and mail you a copy of such verification or judgment. If you request it from Cavalry in writing within thirty days after receiving this notice, Cavalry will provide you with the name and address of the original creditor, if different from the current creditor

You may request records showing the following: (1) that Cavalry SPV I, LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement of the debt. A request for these records may be addressed to: 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

If you want Cavalry to stop contacting you, you can write to us requesting that we cease contact. Please be aware that sending such a letter does not make the debt go away. Once we receive your letter, Cavalry will not contact you again except to let you know that there will not be any further contact, or that Cavalry intends to take a specific action on your account.

Sincerely,
Customer Relations Department

We may report information about your account to credit reporting agencies.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS**

---

### **PAYMENT COUPON**

Please detach and return this portion with the payment to the address below.
Make Checks and Money Orders Payable to
**Cavalry Portfolio Services, LLC.**

Rosa E Heredia
3160 Martin Ave
San Diego, CA  92113-2520



If you would like to make a payment via our secure website, please visit us at **www.cavps.com**

**Cavalry Portfolio Services, LLC**
PO Box 27288
Tempe, AZ 85285-7288

**Original Institution:** Citibank, N.A.
**Original Account No.:** 5424180776915826
**Cavalry Account No.:** 19782367
**Outstanding Balance:** $2837.82

HELLO_LTRL,
CVN.wfd
623103
00000063
1 of 2

# EXHIBIT B

## Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. Our in-state office address and telephone number is 80 Garden Center, Building B, Suite 3 Broomfield, CO 80020, (303) 920-4763.

**IN MASSACHUSETTS:** Notice of important rights. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collector. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 4500 South 129th East Ave, Suite 165, Tulsa, Oklahoma 74134; and (d) 1611 County Rd B W, Suite 306, Roseville, MN 55113.

### Privacy Notice

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

- ❏ Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- ❏ Information about your transactions with us or others, such as your account balance and payment history.
- ❏ Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- o   Credit bureaus
- o   The original creditor and entities that have had an ownership interest in your account
- o   Entities that provide mailing services on our behalf
- o   Entities that provide collection-related services on our behalf
- o   Others, such as third parties, when you direct us to share information about you
- o   Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

For account questions, comments, or general customer service, you may contact us at (866) 434-2995 Monday through Thursday 9am to 9pm Eastern Time, Friday 9am to 5pm Eastern Time, Saturday 9am to 1pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**By sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check.**